{¶ 26} I respectfully disagree with the majority. Newbury contends the proposed asphalt plant would have a negative impact on Newbury's road traffic, air quality, and safety forces and that Newbury has a duty to protect these interests. I agree.
 {¶ 27} As the majority notes, Newbury asserted in its motion to intervene that the rights it is seeking to vindicate are those "suffered by the public at large" and not those of a private litigant.[1] Therefore, as a governmental entity, Newbury is charged with protecting the health and safety interests of its residents.
 {¶ 28} The majority also asserts a generalized duty to provide for the safety and welfare of a township's citizens is not sufficient to warrant intervention in a zoning appeal by an adjacent township. While arguably true, that is not the case in the instant appeal. Newbury is not exercising an indiscriminate duty to protect the general health and safety of its citizens. Rather, Newbury asserts very specifically that the building and maintenance of an asphalt plant in neighboring Burton Township would have an adverse impact on its ability to ensure quality roadways, air quality, and zoning restrictions. Newbury contends that if the proposed variance were permitted it would dramatically increase the amount of large truck traffic on Newbury Township roads, which would, in turn, increase maintenance costs and compromise safety. Lastly, Newbury contends that an additional burden may be placed on Newbury Township safety forces if their services were required.
 {¶ 29} The majority overlooks the underlying purpose of Civ.R. 24(A) in permitting a party to intervene in an action. Civ.R. 24(A) provides that upon timely application, a party shall be permitted to intervene when: (1) the party claims an interest relating to the property or transaction that is the subject of the action, (2) the party is so situated that the disposition of the action may, as a practical matter, impair or impede the party's ability to protect its interest, and (3) the party's interests are not adequately represented by the existing parties.
 {¶ 30} In the instant appeal, Newbury has satisfied these requirements. There is simply no party in the present litigation who adequately represents the interests and concerns of the Newbury residents. Newbury is the governmental entity charged with protecting the health and safety concerns of its residents. The presence of an asphalt plant in close proximity to Newbury residents presents issues relative to pollution, traffic safety, road conditions, and a strain on safety forces — all issues which cannot be protected solely by a neighboring township.
 {¶ 31} Accordingly, I must respectfully dissent.
[1] Schomaeker v. First Natl. Bank (1981), 66 Ohio St.2d 304,312.